STATE EX REL. VERNON *v.* HUNTINGTON CIRCUIT COURT ET AL.

[No. 26,738. Filed February 24, 1937.]

*Arthur D. Saylor, W. H. Eichhorn,* and *Daily, Daily & Daily,* for appellant.

*Bowers, Feightner & Bowers, Mart J. O'Malley* and
*Evans & Hebel,* for appellees.

TREMAIN, C. J.—On July 23, 1936, the relator filed his
original action in this court praying that a writ of pro-
hibition be issued and directed to the Huntington Cir-
cuit Court and Huber M. DeVoss, Special Judge thereof,
commanding said court and judge to refrain from at-
tempting to commit the relator to the Huntington Coun-
ty Jail on account of alleged violations of a permanent
injunction, entered by decree of the Huntington Circuit
Court on the 16th day of August, 1935. The decree of
the court in which the permanent injunction was en-
tered was appealed to this court and affirmed February
2, 1937, *City of Huntington* v. *Northern Indiana Power
Co.,* post 502, 5 N. E. (2d) 889.

The relator, in his petition praying for the issuance of
a writ of prohibition, alleges the entry of the injunction
judgment whereby certain officers of the city of Hunt-
ington were enjoined from engaging the city in the
business of generating electricity, and engaging in do-
mestic and commercial lighting.

The relator alleges that he was a member of the
Board of Public Works and Safety, having been ap-
pointed to that position upon the resignation of one Earl
Yoos, who was a party defendant in the injunction ac-
tion; that after the entry of the judgment permanently
enjoining the city of Huntington, its officers, agents, and
employees from engaging the city as a domestic and
commercial utility, the original plaintiff, the Northern
Indiana Power Company, filed an affidavit and informa-
tion against the city officers and agents praying that
they be cited to appear before the court and show cause
why they should not be punished for contempt of court
for the violation of said injunction. The information
was filed in the Huntington Circuit Court on October 16,
1935.

At the time the complaint for injunction was filed, the Board of Public Works and Safety consisted of Claire W. Bangs, Claude Cline, and Earl Yoos; pending hearing upon said petition and information said Cline and Yoos resigned as members of the Board of Public Works and Safety, and Arthur D. Saylor and this relator were appointed their successors. The relator was substituted as defendant in place of Yoos on December 14, 1935. The Huntington Circuit Court, on the 3rd day of July, 1936, found and adjudged that the members of the Board of Public Works and Safety, including the relator, together with other defendants named in the verified information, were guilty of contempt of court for the violation of certain provisions of the final judgment rendered in the original action granting the permanent injunction, assessing the damages, and committing each of the defendants therein to jail until they should cease furnishing electric current and engaging the city of Huntington in the business of domestic and commercial lighting.

Upon the entry of said judgment, the relator tendered his appeal bond, which was approved by the court, and a stay of execution on the judgment was ordered and entered on July 3rd until 3:00 P. M., Monday, July 6, 1936. The regular term of the Huntington Circuit Court expired July 4, 1936, and, being unable to complete the hearing, the court ordered a continuation of the cause into vacation. When the cause was resumed on the 6th of July, the relator appeared before the court and reported that he had resigned as a member of the Board, and asked a stay of the execution. Thereupon, the court accepted the statement of the relator as being made in good faith and suspended that portion of the order and decree made of July 3rd relating to the imprisonment of the relator, "until the further order of court." Thereafter, on the 21st day of July, 1936, the

relator accepted a reappointment to his former position and re-entered the services of the city of Huntington as a member of the Board of Public Works and Safety. He says in his petition for the writ of prohibition that it was necessary for the city of Huntington to have a Board of Public Works and Safety, and that the mayor prevailed upon him to accept the reappointment.

In praying for the issuance of a writ of prohibition, he alleges that the "plaintiff in the original action, threatens to and will unless prohibited from so doing, file its petition and showing in the Huntington Circuit Court in this cause before Huber M. DeVoss, special judge of said court, seeking to have said court revoke its order staying execution and said judgment of commitment and seeking to have said court commit him to the custody of the sheriff of Huntington County to be confined in the Huntington County jail as provided in said decree . . . and that unless prohibited from so doing said Huber M. DeVoss . . . will attempt to revoke said order staying execution and judgment so rendered by him on July 6th, 1936, and will attempt to commit this relator under said order." Upon this showing the Supreme Court issued the temporary writ of prohibition.

The response made by Judge DeVoss recites the facts substantially as set out in relator's petition, but says that the court and the judge had no information that the relator had been reappointed as a member of the Board of Public Works and Safety until the relator filed this action in the Supreme Court; that nothing was pending before him at that time, or at any time since, showing that relator had been reappointed; that he could not and would not say what decision he might make in the matter until it should be presented to him in proper form; that in so far as the records of the Huntington Circuit Court show, the relator is not a

member of the Board of Public Works and Safety; that the record of the court shows that the relator, along with other defendants adjudged to be in contempt of court for the violation of the injunction decree, had appealed to the Supreme Court of Indiana, and had executed his appeal bond; that the "affiant (Judge De-Voss) does not have and never has had any intention to make any order of imprisonment of the said petitioner Vernon for his failure to pay the $20.00 judgment rendered against him as and for damages in favor of the plaintiff since the said Vernon gave his bond covering the said judgment in the appeal taken by the said petitioner Vernon to the Supreme Court of the State of Indiana."

The respondent further says that at the time the relator and others asked that the enforcement of the contempt judgment be deferred until July 6th, the court was given to understand that the relator and others intended to comply with the provisions of the decree and cease violation of the prohibitory terms of the permanent injunction if given until the following Monday, July 6th, and the suspension of the operation of the order remanding the relator to the custody of the sheriff was made on that understanding; that it would not have been granted if the court had known that relator intended to, or would, accept reappointment to his position on the Board.

There is no showing made by the relator, when considered in relation to the return of the respondent, which reveals any fact showing that the Huntington Circuit Court or Huber M. DeVoss, as special judge thereof, is about to remand the relator to jail wrongfully or illegally. The injunction decree specifically prohibited the relator and others from engaging the city of Huntington in the business of generating electricity for commercial and domestic purposes. The

294

undisputed facts show that relator, together with those associated with him, continued to perform the acts prohibited by the decree. The mere fact that the relator resigned his position and then, after the adjournment of the court, was reinstated, affords no ground to release him from the jurisdiction of the Huntington Circuit Court. It has the opposite effect. It was relator's duty to be fair with the court. The fact that he accepted the reappointment at the behest of the mayor does not excuse him. His conduct is inexcusable upon his own statement.

Under all the facts and circumstances he is not entitled to the writ of prohibition prayed for, and the order heretofore made is dissolved and the petition is denied.